IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIE L. VALES, JR.,
JOHN DOE 1, and,
JOHN DOE 2,

        Plaintiffs,

v.

JOSHUA KAUL, BRIAN HAYES,
MARTHA CARLSON, SECRETARY OF WISCONSIN
DEPARTMENT OF EMPLOYEE TRUST FUNDS,
WISCONSIN RETIREMENT SYSTEM, and
KNOWN UNNAMED REPRESENTATIVE
CO-DEFENDANTS,

        Defendants.

OPINION AND ORDER

25-cv-223-wmc

---

Plaintiff Willie L. Vales, Jr.,[1] a prisoner in the Ozaukee County Jail is representing himself, but seeks to pursue a proposed class action civil rights lawsuit against the following defendants: Wisconsin Attorney General Joshua Kaul; Director of the Department of Hearings and Appeals Brian Hayes; Administrative Law Judge Martha Carlson; the Secretary of the Wisconsin Department of Employee Trust Funds; the Wisconsin Retirement System; and "known unnamed representative co-defendants." (Dkt. #1.) Specifically, Vales alleges that the defendants violated his and others' Seventh Amendment right to a jury trial by revoking probation under an administrative, rather than judicial, proceeding authorized in Wis. Stat. § 973.10(2). Vales has also filed a motion for a

---

[1] Plaintiff Vales also purports to represent two, additional plaintiffs, John Doe 1 and John Doe 2, and a prospective class. However, "[a] *pro se* litigant, even one who is a licensed attorney, is not allowed to represent other people . . . in the district court." *Davis v. Anderson,* 718 F. App'x 420, 423 (7th Cir. 2017). Accordingly, the court will address Vales' complaint as if it was brought solely on his own behalf.

preliminary injunction to suspend *all* proceedings under Wis. Stat. § 973.10(2). (Dkt. #7.)

Under 28 U.S.C. § 1915A, this court must screen and dismiss any claim brought by a prisoner that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, plaintiff must still allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). For the reasons explained below, the court denies plaintiff leave to proceed with claims against all defendants, as well as denies his motion for a preliminary injunction.

## OPINION

Plaintiff reports that he was convicted of a felony in Milwaukee County Circuit Court, and public court records reflect that he was convicted and sentenced to prison in Milwaukee County Case No. 02CF 3097 in 2003, then released under extended supervision on November 26, 2019.

In April 2023, plaintiff's supervision was revoked by an administrative law judge in an administrative proceeding conducted under Wis. Stat. § 973.10(2), which provides as follows:

> (2) If a probationer violates the conditions of probation, the department of corrections may initiate a proceeding before the division of hearings and appeals in the department of administration. Unless waived by the probationer, a hearing examiner for the division shall conduct an administrative hearing and enter an order either revoking or not revoking probation. Upon request of either party, the administrator of the division

> shall review the order. If the probationer waives the final administrative hearing, the secretary of corrections shall enter an order either revoking or not revoking probation. If probation is revoked, the department shall:
>
> > (a) If the probationer has not already been sentenced, order the probationer brought before the court for sentence which shall then be imposed without further stay under s. 973.15; or
> >
> > (b) If the probationer has already been sentenced, order the probationer to prison, and the term of the sentence shall begin on the date the probationer enters the prison.

Plaintiff now claims that his probation was wrongly revoked based on hearsay evidence in violation of his Seventh Amendment right to a jury trial as part of an unconstitutional "scam" by the State of Wisconsin that has "stolen approximately 4.9 billion minutes from the lives of around 112,500 of its citizens, mostly African American." Plaintiff notes further that the Wisconsin Department of Employee Trust Funds and the Wisconsin Retirement System have been the recipients of "illegally produced excess funds derived from this scheme."  Accordingly, under 42 U.S.C. § 1983, plaintiff seeks to sue defendants, who include state agencies and employees in their official capacities.  He also seeks injunctive relief and compensatory damages in the amount of "$11.48 per minute" or $500,000.00 per victim for time lost as the result of probation revocation proceedings conducted under Wis. Stat. § 973.10(2) without the right to a jury trial.  Plaintiff also appears to argue that such revocations violate the Double Jeopardy Clause and other principles that preclude multiple punishments.

To begin, because plaintiff's allegations call into question the validity of his probation revocation, his claims are barred from proceeding in federal court by *Heck v. Humphrey*, 512 U.S. 477 (1994).  "Under *Heck* and its progeny, [plaintiffs] may not sue

3

under § 1983 if [their] imprisonment is intact and success on the suit would necessarily imply that [their] incarceration is invalid." *Barker v. Reagle*, No. 22-2572, 2023 WL 2931290, at *2 (7th Cir. Apr. 13, 2023) (citing *Heck*, 512 U.S. at 486-87). Because plaintiff does not allege that his probation revocation was challenged and set aside either by a state tribunal or in a habeas proceeding under 28 U.S.C. § 2254, judgment in his favor in this court would necessarily imply that his probation revocation was invalid. Thus, his complaint must be dismissed for failure to state a claim upon which relief may be granted.

Still, since this court lacks subject matter jurisdiction to consider his claim under § 1983, the dismissal will be without prejudice and he may attempt to pursue relief under 28 U.S.C. § 2254. *See Johnson v. Rogers*, 944 F.3d 966, 968 (7th Cir. 2019) (observing that a dismissal under *Heck* should be without prejudice). Regardless, as a non-lawyer, plaintiff may not represent any other plaintiff, much less a class of plaintiffs.

## ORDER

IT IS ORDERED that:

1) The complaint filed by plaintiff Willie L. Vales, Jr. (dkt. #1) is DISMISSED without prejudice for failure to state a claim upon which relief can be granted.

2) Plaintiff's motion for a preliminary injunction (dkt. #7) is DENIED.

3) The clerk is directed to enter judgment and send plaintiff copies of this order and the judgment.

Entered this 17th day of June, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge